UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CYNTHIA KANNADY, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) No. 4:19CV292 RLW |
| JOHNSON & JOHNSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous motions filed by the parties. Currently pending are a Motion to Dismiss for Lack of Jurisdiction and Improper Venue (ECF No. 5) and Motion to Stay all Proceedings (ECF No. 8) by Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. ("Johnson & Johnson Defendants").[1] Plaintiffs have filed several motions, including a Motion to Remand (ECF No. 21), Motion for Telephonic Hearing on Motion to Remand (ECF No. 31), and Motion for Expedited Ruling on Motion to Remand (ECF No. 32). Parties have also filed multiple motions for extension of time to respond (ECF No. 33), motions for leave to file under seal (ECF No. 30), and motions to file in excess of page limitation (ECF Nos. 4, 22).

Eighty-five (85) Plaintiffs filed this case in state court alleging that the use of talc products caused their ovarian cancer.[2] The Johnson & Johnson Defendants removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, the only Missouri-based Defendant, PTI Union LLC, was fraudulently joined in this action and only the

---
[1] Defendants PTI Royston, LLC and PTI Union, LLC have filed motions to join the Johnson & Johnson Defendant's motion to stay. (ECF Nos. 14, 17)
[2] Of the 85 plaintiffs, four bring suit individually and on behalf of the estate of their decedent. Further, 80 plaintiffs allege they suffer from ovarian cancer; one plaintiff alleges she suffers from peritoneal cancer; and one plaintiff alleges she suffers from fallopian tube cancer.

six plaintiffs who are citizens of Missouri and one non-Missouri plaintiff, Carol Calhoun, allege facts supporting their assertion that they purchased or used the talc products in Missouri.

Plaintiffs ask for an expedited ruling from the Court remanding the case to state court prior to the disposition of the Motion to Stay. Defendants seek a stay of this matter pending transfer to the multidistrict litigation now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. *See In re Johnson & Johnson Talcum Powder Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738. Plaintiffs oppose the motion to stay. The Court finds that a stay is appropriate in this case and declines to address the other pending motions.

## **LEGAL STANDARD**

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). "However, '[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.'" *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13CV855 CEJ, 2013 WL 2643302, at 1 (E.D. Mo. June 12, 2013) (quoting *T.F. v.*

2

*Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 21, 2012) (internal quotation omitted)).

## DISCUSSION

Defendants argue that a stay pending transfer would promote judicial economy and consistency of rulings. Further, Defendants assert that absent a stay, the Court will waste time supervising pretrial proceedings and ruling on motions in a case that will soon be transferred to the MDL court. Further, Defendants argue that they will be significantly prejudiced and suffer hardship because they would be required to engage in duplicate discovery and motions practice. In response, Plaintiffs maintain that Johnson & Johnson's removal is a sham designed to deprive Plaintiffs their day in court and would only reward Defendants for this fraud.

The Court finds that judicial economy weighs heavily in favor of granting a stay in this matter. "A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary." *Simmons*, 2015 WL 6063926, at *1. Further, the Court notes that other recent cases presenting the same claims against the same Defendants addressed the same stay and remand issues. In those cases, the district judges stayed the proceedings pending transfer to the MDL panel. *See Benford v. Johnson & Johnson*, No. 4:18-CV-1903 RLW (E.D. Mo. Nov. 28, 2018); *Gavin v. Johnson & Johnson*, No. 4:18CV212 RLW (E.D. Mo. Mar. 6, 2018); *Johnson v. Johnson & Johnson*, No. 4:17CV2651 SNLJ (E.D. Mo. Dec. 5, 2017); *Jinright v. Johnson & Johnson*, No. 4:17CV01849 ERW (E.D. Mo. Aug. 30, 2017); *McBee v. Johnson & Johnson*, No. 4:17CV01496 JAR (E.D. Mo. June 9, 2017); *Ghormley v. Johnson & Johnson*, No. 4:17CV585 CEJ (E.D. Mo. Apr. 27, 2017); *Rice v. Johnson & Johnson*, No. 4:17CV01224 CDP (E.D. Mo. Apr. 10, 2017); *Rea v. Johnson & Johnson*, No. 4:16CV2165 SNLJ (E.D. Mo. Feb. 22, 2017). The Court finds no reason to depart from these cases. Therefore, the Court will grant

Defendants' motion to stay all proceedings in this matter pending transfer to the MDL court. The Court notes that Plaintiffs will have a full and fair opportunity to present their arguments for remand to the MDL court should the case be transferred to MDL No. 2738.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Joinder in Motion to Stay All Proceedings by Defendants PTI Royston, LLC and PTI Union, LLC (ECF Nos. 14, 17) are **GRANTED.**

**IT IS FURTHER ORDERED** that the Johnson & Johnson Defendants' Motion to Stay All Proceedings (ECF No. 8) is **GRANTED.** This case shall be **STAYED** pending a decision by the MDL Panel on whether to transfer this case to MDL No. 2738 in the United States District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice.

Dated this 27th day of February, 2019.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**